# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN L. MCCLURE and<br>GREGORY A MCCLURE, h/w<br>1327 Skyline Drive<br>Coatesville, PA   19320<br><br>　　　　Plaintiffs,<br><br>　　V.<br><br><br>ERIC L. PARVIS, M.D.<br>c/o Chester County Hospital<br>Emergency Department<br>701 East Marshall Street<br>West Chester, PA   19380<br><br><br>　　And<br><br><br>THE CHESTER COUNTY<br>HOSPITAL, d/b/a CHESTER<br>COUNTY HOSPITAL<br>701 East Marshall Street<br>West Chester, PA   19380<br><br>　　And<br><br><br>THE CHESTER COUNTY<br>HOSPITAL AND HEALTH<br>SYSTEM, d/b/a CHESTER COUNTY<br>HOSPITAL<br>701 East Marshall Street<br>West Chester, PA   19380<br><br>　　And | No: |

THE TRUSTEES OF THE
UNIVERSITY OF PENNSYLVANIA,
d/b/a PENN MEDICINE and/or PENN
MEDICINE CHESTER COUNTY
HOSPITAL and/or d/b/a CHESTER
COUNTY HOSPITAL and/or d/b/a
PENN FAMILY MEDICINE
UNIONVILLE
3451 Walnut Street
Room 329
Philadelphia, PA   19104

    And

PENN FAMILY MEDICINE
UNIONVILLE
687 Unionville Road
Kennett Square, PA   19348

    And

JOHN DOES 1-10

    And

ABC CORPORATIONS 1-10

    Defendants.

## CIVIL ACTION COMPLAINT

## I.  INTRODUCTION

1.  This civil action involves claims of medical professional negligence as well as a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395dd, as a result of medical care and/or lack of medical care provided to plaintiff Dawn L. McClure on September 8, 2015. On that date, Ms. McClure was turned away from her primary care office because she

was late for a sick visit appointment despite having clinically significant and worrisome complaints that warranted emergency medical care. She was told by her primary care physician's office to go to a CVS Urgent Care. Immediately upon being seen, the CVS Urgent Care medical provider, aware of the obvious seriousness of Ms. McClure's condition, called 911 and had Ms. McClure transferred by ambulance to Chester County Hospital.

Tragically, despite being notified by the ambulance service of Ms. McClure's impending arrival, she was apparently forgotten about upon arrival and not triaged for almost 4 hours.   She was ultimately found to be suffering from an intracranial hemorrhage ("ICH") and was transferred by helicopter to the University of Pennsylvania for further management.   Unfortunately, given the long delay initially caused by her primary care physicians' office turning her away, followed by the almost 4 hour delay at Chester County Hospital, she suffered severe and permanent neurological injuries, including a loss of vision.

## II.   JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 as Plaintiffs herein are asserting a violation of federal law, to wit, EMTALA, pursuant to 42 U.S.C. §1395dd.   This Court has jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1) and §1391(d) as all defendants "reside" in the Eastern District of Pennsylvania as they have contacts within the Eastern District of Pennsylvania

that would be sufficient to subject it to personal jurisdiction if the Eastern District

of Pennsylvania were a separate state.   Specifically, said defendants conduct

regular and systematic business within the Eastern District of Pennsylvania at the

addresses/locations set forth in the caption of this case and below.

III.   PARTIES

4.     Plaintiff, Dawn L. McClure, is an adult individual residing at 1327

Skyline Drive, Coatesville, Pennsylvania.   At all times material and relevant

hereto Ms. McClure is the wife of plaintiff Gregory A. McClure.

5.     Plaintiff, Gregory A. McClure, is an adult individual residing at 1327

Skyline Drive, Coatesville, Pennsylvania.   At all times material and relevant

hereto Mr. McClure is the husband of plaintiff Dawn L. McClure.

6.     Defendant, Eric Parvis M.D., (hereafter "Dr. Parvis"), is an adult

individual and licensed professional and physician and who, as of 9/8/2015,

purported to specialize in Emergency Medicine, and who maintains an office at c/o

Chester County Hospital Emergency Department, 701 East Marshall Street, West

Chester, Pennsylvania. At all times material and relevant hereto, Dr. Parvis was the

employee and/or agent and/or ostensible agent and/or apparent agent of defendants

The Chester County Hospital, d/b/a Chester County Hospital; The Chester County

Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the

University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester

County Hospital and/or d/b/a Chester County Hospital and/or d/b/a Penn Family

Medicine Unionville.   Plaintiffs are asserting a professional liability claim against Dr. Parvis.

7.     Defendant The Chester County Hospital, d/b/a Chester County Hospital is a corporation, or other business entity, organized and/or existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing healthcare and services to the general public, and maintained a principle place of business 701 East Marshall Street, West Chester, Pennsylvania, and at all times material and relevant hereto acted through its agents, servants, workmen, and/or employees, specifically including Dr. Parvis and others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/8/2015 (iii) in the Emergency Department (iv) at The Chester County Hospital. Plaintiffs are asserting a professional liability claim against The Chester County Hospital, d/b/a Chester County Hospital.

8.     Defendant The Chester County Hospital and Health System, d/b/a Chester County Hospital is a corporation, or other business entity, organized and/or existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing healthcare and services to the general public, and maintained a principle place of business 701 East Marshall Street, West Chester, Pennsylvania, and at all times material and relevant hereto acted through its agents, servants, workmen, and/or employees, specifically including Dr. Parvis and others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/8/2015 (iii) in the Emergency Department (iv) at The Chester County Hospital. Plaintiffs are

asserting a professional liability claim against The Chester County Hospital and
Health System, d/b/a Chester County Hospital.

9.     Defendant The Trustees of the University of Pennsylvania, d/b/a Penn
Medicine and/or d/b/a Penn Medicine Chester County Hospital and/or d/b/a Penn
Family Medicine Unionville, is a corporation, or other business entity, organized
and/or existing under the laws of the Commonwealth of Pennsylvania, and is
engaged in the business of providing healthcare and services to the general public,
and maintained a principle place of business 701 East Marshall Street, West
Chester, Pennsylvania, and at all times material and relevant hereto acted through
its agents, servants, workmen, and/or employees, specifically including Dr. Parvis
and others who (i) were responsible for caring for Dawn L. McClure (ii) on
9/8/2015 (iii) in the Emergency Department (iv) at The Chester County Hospital as
well as Lindsay Calio, PA-C, Michael Kirk, M.D., L. Peter Soraruf, M.D., and
others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/08/2015
(iii) at Penn Family Medicine Unionville.   Plaintiffs asserting a professional
liability claim against The Trustees of the University of Pennsylvania, d/b/a Penn
Medicine and/or d/b/a Penn Medicine Chester County Hospital and/or d/b/a Penn
Family Medicine Unionville.

10.     Defendant Penn Family Medicine Unionville is a corporation, or other
business entity, organized and/or existing under the laws of the Commonwealth of
Pennsylvania, and is engaged in the business of providing healthcare and services
to the general public, and maintained a principle place of business 687 Unionville

Road, Kennett Square, Pennsylvania, and at all times material and relevant hereto acted through its agents, servants, workmen, and/or employees, specifically including Lindsay Calio, PA-C, Michael Kirk, M.D., L. Peter Soraruf, M.D., and others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/08/2015 (iii) at Penn Family Medicine Unionville. Plaintiffs are asserting a professional liability claim against Penn Family Medicine Unionville.

11.    Defendants John Does 1-10 are adult individuals and licensed professionals or other non-licensed professionals such as secretaries and/or schedulers and/or other staff who provided negligent medical care and treatment to plaintiff Dawn L. McClure on 9/8/20015, and whose names, positions, and titles are known only to defendants herein. Defendants are asserting a professional liability claim against defendants John Does 1-10 to the extent said individuals are "licensed professionals" as set forth in Pa.R.C.P. 1042.1(c).

12.    Defendants ABC Corporations 1-10 are corporations, partnership, limited liability companies and/or other similar entities who, either directly and/or through their agents and/or employees, provided negligent medical care to plaintiff Dawn L. McClure on 9/08/2015 and whose names, positions, and titles are known only to defendants herein. Plaintiffs are asserting a professional liability claim against Defendants ABC Corporations 1-10, to the extent said entities are "licensed professionals" as set forth in Pa.R.C.P. 1042.1(c).

IV.   FACTS

13.     On or about 9/08/2015 Plaintiff Dawn L. McClure awoke with a severe headache and vision problems and called her primary care physician's office at Penn Family Medicine Unionville and made a sick visit appointment for only a short time after the call.

14.     Because of her condition, Plaintiff requested that her father come to her house and drive her to her primary care physician's office at Penn Family Medicine Unionville for this sick visit appointment.

15.     By the time that Plaintiff Dawn L. McClure's father traveled to her house, picked her up, and then traveled to Penn Family Medicine Unionville, she was approximately 15 minutes late for her appointment.

16.     Despite clearly serious complaints and her condition, she was instructed by the personnel at Penn Family Medicine Unionville that she could not be seen because she was late and they directed her to leave and go to an urgent care facility.

17.     Plaintiff Dawn L. McClure then presented to the urgent care center known as MinuteClinic at the CVS Pharmacy located at 3015 Lincoln Highway, Thorndale, Pennsylvania.

18.     At the MinuteClinic Ms. McClure was seen by Lesia Aungst, NP, who noted, *inter alia,* that Ms. McClure's blood pressure was 220/110, she had a headache, felt disoriented, and was vomiting.   Ms. McClure was, however, still capable of answering all questions.

19.    Recognizing the severity of Ms. McClure's symptoms, NP Aungst called, or directed someone to call, 911 to take Ms. McClure to the hospital for further care and treatment.

20.    Washington Hose Company responded to the 911 call that was placed at approximately 12:01 p.m. with three (3) EMT's who arrived at the CVS MinuteClinic at approximately 12:13 p.m.

21.    The EMT's noted that upon arrival Ms. McClure was lying on the exam table with the nurse practitioner at her side.

22.    The EMT's further noted that Ms. McClure was at the MinuteClinic "per her general physicians [*sic*] orders" and that while there she had felt lightheaded and vomited and that the nurse practitioner "insisted that patient be evaluated at a hospital."

23.    The EMT's also noted that defendant The Chester County Hospital "was notified via cellular device while en [*sic*] route" and that they were advised by said defendant that she "will be going to triage."

24.    Ms. McClure arrived at approximately 12:50 p.m. to The Chester County Hospital Emergency Department where the EMT's noted that she "was placed in triage room and was registered," at which point and her care was transferred over to said defendant and/or its staff.

25.    According to The Chester County Hospital and Health System Registration Form, the encounter start date and time was 9/8/2015 at 1 p.m. and the reason for the encounter was "Vomiting, Vision Problems."

26.     In addition, The Chester County Hospital *Admission Medication Reconciliation Report* noted an admission time of 1:00 p.m. and the attending physician in charge of her care as Eric Parvis, M.D.

27.     Despite the need for immediate and urgent care, Ms. McClure was not seen or examined by any medical provider until she was triaged by nurse Jamie Johnson, RN, at 4:42 p.m., at which time Nurse Johnson noted her blood pressure was 171/88 and that she had a headache and had vomited that morning.   Nurse Johnson assigned an Emergency Severity Index (ESI) score of 3.

28.     At 4:48 p.m. Sotirios Goudouvas, PA-C ordered "stat" bloodwork and CT of the head and she was transported for the CT scan at approximately 4:55 p.m.

29.     Following her triage, Ms. McClure was taken to Room 16 at approximately 5:15 p.m.

30.     At approximately 5:06 p.m. Dr. Parvis entered additional orders noting them all to be "stat."

31.     At approximately 5:07 p.m. David Levy, M.D., the radiologist who interpreted the head CT Ms. McClure had undergone, found a "Large right parietal hemorrhage" and noted that "Critical Finding Reported" to Sotirios Goudouvas at that time.

32.     In light of the findings showing an intracerebral hemorrhage ("ICH") Dr. Parvis arranged for the transfer of Ms. McClure by helicopter to the Hospital of the University of Pennsylvania because of a clinical condition that he noted to be a "Neurological emergency."

32.     Ms. McClure remained an inpatient at the Hospital of the University

of Pennsylvania until 9/14/2015, at which time she required continued

rehabilitation.

33.     Ms. McClure continues to the present day to undergo treatment and

will require treatment for the remainder of her life as a result of the injuries she

suffered caused by the defendants' negligence and/or violations of the Emergency

Medical Treatment and Active Labor Act, as detailed *infra*.

34.     As a direct and proximate result of the negligent acts and/or omissions

of the defendants and/or their violations of the Emergency Medical Treatment and

Active Labor Act, as set forth in detail below, plaintiff Dawn McClure suffered the

following injuries and/or harm:

   a.     a large right parietal hemorrhage;

   b.     cerebral edema;

   c.     vasculitis/vasculopathy;

   d.     reversible cerebral vasoconstriction syndrome;

   e.     mass effect, with a midline shift of 2 mm to the left CTA;

   f.     effacement of the right lateral ventricle;

   g.     loss of vision (left homonymous hemianopsia);

   h.     reactive leukocytosis;

   i.     anemia;

   j.     hypokalemia;

   k.     difficulty with balance;

l.   difficulty with driving;

m.   the need for physical therapy;

n.   the need for occupational therapy;

o.   neurological deficits;

p.   neurological injury;

r.   great pain and suffering;

s.   loss of life's pleasures;

t.   lack of coordination;

u.   the need for future medical care;

v.   wage loss and/or loss of future earning capacity;

w.   embarrassment/humiliation;

x.   damage to her nerves and nervous system; and,

y.   the need for future physical therapy and occupational therapy.

### COUNT I – PROFESSIONAL NEGLIGENCE
### DAWN L. MCCLURE AND GREGORY A. MCCLURE V.
### ERIC PARVIS, M.D.

35.   The above and foregoing paragraphs are incorporated by reference hereat as if set forth at length in their entirety.

36.   Defendant Dr. Parvis has, at all times material and relevant hereto, held himself out to the public, and to Plaintiffs in particular, as a healthcare provider who possesses special skill and knowledge in the area of Emergency Medicine.

37.     Dr. Parvis, as an agent, ostensible agent, employee, servant, and/or workman of all of the defendants herein failed to provide reasonable healthcare under the circumstances and his acts and/or omissions fell below the applicable standard of care required of him and his negligence and carelessness consisted of the following:

   a.     failing to see or examine Dawn McClure in a timely manner;

   b.     failing to instruct and ensure other personnel, including nurses, residents, physician assistants, nurse practitioners, or other staff in the Chester County Hospital Emergency Department to examine Ms. McClure timely;

   c.     failing to instruct other personnel, including nurses, residents, physician assistants, nurse practitioners, or other staff in the Chester County Hospital Emergency Department to triage Ms. McClure timely;

   d.     failing to communicate adequately with other healthcare providers caring for Ms. McClure, specifically including Lesia Aungst, NP and/or Washington Hose Company EMT personnel who transported Ms. McClure;

   e.     assigning and/or permitting Ms. McClure to be assigned to the Rapid Treatment Area ("RTA") of Chester County Hospital's Emergency Department;

f.   failing to provide adequate and appropriate medical care to Ms.
     McClure on 9/8/2015 in a timely manner;

g.   failing to recognize the severity of Ms. McClure's condition;

h.   failing appreciate the severity of Ms. McClure's condition in a
     timely manner;

i.   failing appropriately to supervise the nurses, physicians,
     residents, nurse practitioners, physician assistants and/or other
     staff in the Chester County Hospital Emergency Department;

j.   failing to consult with appropriately-qualified physician
     specialists regarding Ms. McClure's condition;

k.   failing to order timely diagnostic testing;

l.   failing to transfer Ms. McClure to an appropriate medical
     facility in a timely manner;

m.   failing to follow the policies and/or protocols and/or procedures
     of the Chester County Hospital regarding patients arriving by
     ambulance to the Emergency Department; and,

n.   failing to ensure in a timely and proper manner that Ms.
     McClure receive a medical screening examination and/or
     stabilization.

38.   The carelessness and negligence of Dr. Parvis, as set forth above,

increased the risk of harm and/or was a substantial factor and/or factual cause in

causing the injuries and damages suffered by Plaintiff Dawn L. McClure as set

forth more fully *supra* in paragraph 34.

WHEREFORE, Plaintiffs, Dawn L. McClure and Gregory A. McClure, h/w,

demand judgment in their favor and against defendants Eric. L. Parvis, M.D.; The

Chester County Hospital, d/b/a Chester County Hospital; The Chester County

Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the

University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester

County Hospital and/or d/b/a Chester County Hospital and/or doing business at

Penn Family Medicine Unionville, in an amount in excess of $50,000, plus

interest, costs, and delay damages.

**COUNT II – CORPORATE NEGLIGENCE
DAWN L. MCCLURE AND GREGORY A. MCCLURE V. THE CHESTER
COUNTY HOSPITAL, D/B/A CHESTER COUNTY HOSPITAL; THE
CHESTER COUNTY HOSPITAL AND HEALTH SYSTEM, D/B/A
CHESTER COUNTY HOSPITAL; THE TRUSTEES OF THE
UNIVERSITY OF PENNSYLVANIA, D/B/A PENN MEDICINE AND/OR
PENN MEDICINE CHESTER COUNTY HOSPITAL AND/OR D/B/A
CHESTER COUNTY HOSPITAL AND/OR DOING BUSINESS AT PENN
FAMILY MEDICINE UNIONVILLE**

39.     The above and foregoing paragraphs are incorporated by reference

hereat as if set forth at length in their entirety.

40.     The corporate negligence of defendants The Chester County Hospital,

d/b/a Chester County Hospital; The Chester County Hospital and Health System,

d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania,

d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a

Chester County Hospital and/or doing business at Penn Family Medicine

Unionville consisted of the following:

    a.    A duty to use reasonable care in the maintenance of safe and adequate medical and surgical facilities and equipment for the treatment of Plaintiff Dawn L. McClure, including for patients arriving *via* EMS;

    b.    A duty to select and retain only competent physicians, surgeons, residents, nurses, technicians and others who treated Plaintiff Dawn L. McClure, as described herein, including staff and/or employees;

    c.    A duty to oversee all persons who practice medicine within its walls as to patient care, in particular, the duty to oversee the physicians, surgeons, nurses, technicians and others who treated Plaintiff Dawn McClure as described herein, including staff and/or employees, that will ensure proper care, including said persons at both Chester County Hospital and/or Penn Family Medicine Unionville;

    d.    A duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patient; in particular, the duty to have rules and policies to:

        i.    ensure physicians, surgeons, resident, interns, nurses and/or other medical staff perform and/or document timely and proper patient assessments and/or evaluations;

ii. ensure proper monitoring and/or evaluation of patients who arrive *via* ambulance to the Chester County Hospital Emergency Department;

iii. ensure patients who call Penn Family Medicine Unionville for acute/sick visits are not turned away without an appointment prior to ascertaining the reasons for the visit and/or condition of the patients;

iv. ensure proper monitoring of patients who arrive in the Chester County Hospital Emergency Department *via* ambulance with serious medical conditions;

v. ensure that Chester County Emergency Department personnel communicate with medical providers who direct patients to said Emergency Department;

vi. ensure that patient complaints are timely and a appropriately assessed and responded to;

v. ensure that changes in a patient's condition are timely communicated to physicians, nurses, techs, aides, and/or other personnel responsible for patient medical care and/or treatment;

vi. ensure policies and/or procedures and their enforcement concerning the treatment of Emergency Department patients who arrive by ambulance;

vii.   ensure policies and/or procedures and their enforcement

concerning the treatment of Emergency Department

patients with neurological and other complaints similar to

those of Dawn L. McClure;

vii.   ensure proper and timely communication/consultation of

physicians, specifically including ensuring the proper

specialists are consulting;

viii.   ensure proper training and supervision of the reception

non-medical staff at Penn Family Medicine Unionville

regarding patients who present late for acute/sick visits;

ix.   ensure proper training and supervision of Emergency

Department staff at the Chester County Hospital

regarding timely and appropriate patient

triage/assessment;

x.   ensure timely ordering and completion of bloodwork

and/or radiology studies;

xi.   ensure timely consultations; and,

xii.   ensure proper policies and procedures are implemented

and utilized such that the requirements of the Emergency

Medical Treatment and Active Labor Act are met.

41.   The carelessness and negligence of The Chester County Hospital,

d/b/a Chester County Hospital; The Chester County Hospital and Health System,

d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania,

d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a

Chester County Hospital and/or doing business at Penn Family Medicine

Unionville, as set forth above, increased the risk of harm and was a substantial

factor and/or factual cause in causing the injuries and damages suffered by Plaintiff

Dawn McClure as set forth more fully *supra* in paragraph 34.

42.     The Chester County Hospital, d/b/a Chester County Hospital; The

Chester County Hospital and Health System, d/b/a Chester County Hospital; The

Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn

Medicine Chester County Hospital and/or d/b/a Chester County Hospital and/or

doing business at Penn Family Medicine Unionville had actual or constructive

knowledge of their failures as described above.

WHEREFORE, Plaintiffs, Dawn L. McClure and Greg A. McClure, h/w,

demand judgment in their favor and against defendants Eric. L. Parvis, M.D.; The

Chester County Hospital, d/b/a Chester County Hospital; The Chester County

Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the

University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester

County Hospital and/or d/b/a Chester County Hospital and/or doing business at

Penn Family Medicine Unionville, in an amount in excess of $50,000, plus

interest, costs, and delay damages.

## COUNT III – VICARIOUS LIABILITY
### DAWN L. MCCLURE AND GREGORY A. MCCLURE V. THE CHESTER COUNTY HOSPITAL, D/B/A CHESTER COUNTY HOSPITAL; THE CHESTER COUNTY HOSPITAL AND HEALTH SYSTEM, D/B/A CHESTER COUNTY HOSPITAL; THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, D/B/A PENN MEDICINE AND/OR PENN MEDICINE CHESTER COUNTY HOSPITAL AND/OR D/B/A CHESTER COUNTY HOSPITAL AND/OR DOING BUSINESS AT PENN FAMILY MEDICINE UNIONVILLE

43.     The above and foregoing paragraphs are incorporated by reference hereat as if set forth at length in their entirety.

44.     Defendants The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County Hospital and/or doing business at Penn Family Medicine Unionville are vicariously liable *via* the doctrine of *respondeat superior* for all of the negligent acts and/or omissions of all individual defendants and/or agents and/or employees as detailed herein, specifically including Eric Parvis, M.D.; Jamie Gibson, RN; Natalie White, RN; Sotirios Goudouvas, PA-C; and others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/8/2015 (iii) in the Emergency Department (iv) at The Chester County Hospital.

45.     Defendants The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County

Hospital and/or doing business at Penn Family Medicine Unionville are vicariously liable *via* the doctrine of *respondeat superior* for all of the negligent acts and/or omissions of all individual defendants and/or agents and/or employees as detailed herein, specifically including Lindsay Calio, PA-C, Michael Kirk, M.D., L. Peter Soraruf, M.D., and others who (i) were responsible for caring for Dawn L. McClure (ii) on 9/08/2015 (iii) at Penn Family Medicine Unionville.

WHEREFORE, Plaintiffs, Dawn L. McClure and Gregory A. McClure, h/w, demand judgment in their favor and against defendants Eric. L. Parvis, M.D.; The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County Hospital and/or doing business at Penn Family Medicine Unionville, in an amount in excess of $50,000, plus interest, costs, and delay damages.

### COUNT IV – CONSORTIUM
### GREGORY A. MCCLURE V. ERIC L. PARVIS, M.D.; THE CHESTER COUNTY HOSPITAL, D/B/A CHESTER COUNTY HOSPITAL; THE CHESTER COUNTY HOSPITAL AND HEALTH SYSTEM, D/B/A CHESTER COUNTY HOSPITAL; THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, D/B/A PENN MEDICINE AND/OR PENN MEDICINE CHESTER COUNTY HOSPITAL AND/OR D/B/A CHESTER COUNTY HOSPITAL AND/OR DOING BUSINESS AT PENN FAMILY MEDICINE UNIONVILLE

46.     The above and foregoing paragraphs are incorporated by reference hereat as if set forth at length in their entirety.

47.     As a result of the negligence and carelessness of the defendants herein, Plaintiff Gregory A. McClure has suffered, and will continue to suffer, the loss of the services, support and consortium of his spouse, plaintiff Dawn L. McClure.

WHEREFORE, Plaintiffs, Dawn L. McClure and Gregory A. McClure, h/w, demand judgment in their favor and against defendants Eric. L. Parvis, M.D.; The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County Hospital and/or d/b/a Penn Family Medicine Unionville, in an amount in excess of $50,000, plus interest, costs, and delay damages.

**COUNT V – VIOLATION OF EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT, 42 U.S.C. §1395dd ("EMTALA") DAWN L. MCCLURE AND GREGORY A. MCCLURE, h/w V. THE CHESTER COUNTY HOSPITAL, D/B/A CHESTER COUNTY HOSPITAL; THE CHESTER COUNTY HOSPITAL AND HEALTH SYSTEM, D/B/A CHESTER COUNTY HOSPITAL; THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, D/B/A PENN MEDICINE AND/OR PENN MEDICINE CHESTER COUNTY HOSPITAL AND/OR D/B/A CHESTER COUNTY HOSPITAL AND/OR DOING BUSINESS AT PENN FAMILY MEDICINE UNIONVILLE**

48.     The above and foregoing paragraphs are incorporated by reference hereat as if set forth at length in their entirety.

49.     Defendants The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County

Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine

and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County

Hospital and/or d/b/a Penn Family Medicine Unionville violated Section 1395dd(a)

of EMTALA on 9/8/2015 by failing to perform an appropriate medical screening

of Dawn L. McClure, specifically including:

    a. failing to conduct a full and complete medical screening

        examination timely upon arrival;

    b. failing to conduct a full and complete medical screening

        examination for Dawn L. McClure consistent with the

        presentation of patients with substantially similar complaints

        as Dawn L. McClure in a timely manner;

    c. failing to conduct a full and complete medical screening

        examination in a timely manner for Dawn L. McClure

        consistent with the presentation of patients who arrive by

        ambulance to the Chester County Hospital Emergency

        Department;

    d. treating Dawn L. McClure disparately from other similarly-

        situated patients;

    e. failing to perform a medical screening examination within the

        capabilities of the defendant Chester County Hospital's

        Emergency Department and ancillary services in a timely

        manner;

f.    not performing a timely triage examination/screening.

50.    Had such an appropriate medical screening examination/triage been performed, Dawn L. McClure's ICH that was placing her life and health in great jeopardy would have been discovered approximately 3.5-4 hours earlier and appropriately treated with the permanent sequelae and injuries suffered by her.

51.    In addition, the screening procedure used at Chester County Hospital as of 9/8/2015 was not reasonably calculated to identify critical medical conditions, such as ICH's.

52.    Defendants The Chester County Hospital, d/b/a Chester County Hospital; The Chester County Hospital and Health System, d/b/a Chester County Hospital; The Trustees of the University of Pennsylvania, d/b/a Penn Medicine and/or Penn Medicine Chester County Hospital and/or d/b/a Chester County Hospital and/or d/b/a Penn Family Medicine Unionville violated Section 1395dd(a) of EMTALA on 9/8/2015 by failing to stabilize Dawn L. McClure in a timely manner for her ICH.

53.    As a direct and proximate result of the foregoing violations of

EMTALA, Plaintiffs suffered the injuries, harm and/or losses set forth herein

*supra*, specifically including ¶34, which is incorporated by reference hereat.

Respectfully submitted,

By:    _____

Leon Aussprung, Esquire
James E. Hockenberry, Esquire
*Counsel for Plaintiffs*